Albert Intonti (father) filed a complaint for civil contempt against Mary Intonti (mother), claiming that she failed to comply with the parties' separation agreement, which was incorporated in a divorce judgment. A judge of the Probate and Family Court found the mother not in contempt and awarded her attorney's fees in the amount of $500. The father appeals.
"[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). "Where the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt." Id. at 852, quoting from Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997). We review the judge's ultimate conclusion on contempt for abuse of discretion. See K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014). An abuse of discretion occurs where "the judge made a clear error of judgment in weighing the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).
The father alleged in his complaint that the mother should be found in contempt on two grounds. First, he alleged that the mother failed to send him copies of their children's college bills, as required by the separation agreement. It is true that the agreement states that the mother "will send copies of college bills to" the father. It goes on to state, however, that "[t]he parties have certain funds set aside for the children's college education" and that neither party would be obliged to pay for college education until "all those available funds are exhausted." According to the father's trial testimony, the funds have not yet been exhausted, and he has not yet been called upon to contribute to the children's education. It is evident that the judge found the agreement reasonably susceptible to the mother's interpretation-that she need not send the father copies of the college bills until such time as he becomes obligated to contribute. The judge was within her discretion in finding the agreement ambiguous in this respect and therefore in concluding that the mother did not disobey "a clear and unequivocal command." Birchall, 454 Mass. at 853. See Rosen v. Rosen, 90 Mass. App. Ct. 677, 691-692 (2016).
Second, the father alleged that the mother violated the separation agreement by not delivering to him certain items of personal property. But as the father conceded at trial, the agreement does not specifically list or identify the allegedly missing items as his property and does not otherwise unambiguously command the mother to deliver the specified items to him. Thus, it was likewise within the judge's discretion to find the mother not in contempt on this basis.
We reject the father's assertion that the judge did not afford him a fair trial, as we have carefully reviewed the trial transcript and discern no unfairness in the way the judge conducted the proceeding. We note that the father at no time objected to any of the procedures employed or the evidence admitted. He never indicated to the judge that he intended to call witnesses, nor did the judge prevent him from doing so. Furthermore, as the trial came to a close, the judge specifically asked the father whether there was "[a]nything else, sir, you want to tell me?" After the father responded with additional statements, the judge closed the proceedings without objection. In short, the record establishes that the father had a full and fair opportunity to present his case.
Finally, we conclude that the judge was within her discretion in awarding attorney's fees to the mother. The judge had discretion to award fees pursuant to G. L. c. 208, § 38, and could do so "even in the absence of bad faith or frivolous claims or defenses." Wasson v. Wasson, 81 Mass. App. Ct. 574, 582 (2012). We perceive no abuse of discretion in the modest sum the judge awarded in this case.[2]
Judgment dated April 20, 2017, affirmed.

We exercise our own discretion to deny the mother's request for appellate attorney fees.